IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE,
NASHVILLE DIVISION

| | | |
|---|---|---|
| KEIVIN SKELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:09-0254 |
| | ) | JUDGE NIXON / KNOWLES |
| LIBERTY LIFE ASSURANCE CO. | ) | |
| OF BOSTON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiff's Motion for Judgment on the Administrative Record. Docket No. 10. Plaintiff has also filed a supporting Memorandum of Law and a Statement of Undisputed Material Facts. Docket Nos. 12, 13. Defendant has filed a Response (Docket No. 20-1), to which Plaintiff has replied (Docket No. 22).

Plaintiff filed this action for relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Docket No. 1. Plaintiff previously filed a long-term disability benefits claim under an Employee Welfare Plan sponsored by Massachusetts Mutual Life Insurance Company ("MassMututal") and insured and administered by Defendant Liberty Life Assurance Company of Boston. *Id.* Defendant denied Plaintiff's claim, concluding that he had a Pre-Existing Condition that was not covered by Defendant's long-term disability policy. *Id.* Plaintiff contends that Defendant considered the wrong "effective date" in determining whether Plaintiff's condition was pre-existing. Docket No. 20-1.

As Plaintiff succinctly states:

1

> The issue before this Court is whether [Plaintiff's] "effective date" under the MassMutual Long-Term Disability Plan for Career Agents is November 15, 2004 or July 21, 2006. If [Plaintiff's] effective date is November 15, 2004, then he is eligible for disability benefits. If [Plaintiff's] effective date is July 21, 2006, then he is not eligible by application of the Plan's pre-existing condition exclusion.

Docket No. 22, p. 1.[1]

Plaintiff began working for MassMututal as a Brokerage Director on March 1, 2004. AR 0195. Brokerage Directors are not eligible to be covered under the Long Term Disability Policy. AR 0132-0133.

On November 15, 2004, Plaintiff changed employment positions to that of Career Agent. AR 0131. Career Agents are eligible to be covered under the Long Term Disability Policy. AR 0132. Plaintiff worked as a Career Agent for approximately sixteen months, during which time he was a covered employee under the Long Term Disability Policy.

In March 2006, Plaintiff transferred back to the position of Brokerage Director. AR 0391-0394. As discussed above, Brokerage Directors are not eligible to be covered under the Long Term Disability Policy. AR 0132-0133. Accordingly, Plaintiff was no longer covered under the Long Term Disability Plan. AR 0207-0208, 0228.

On July 21, 2006, Plaintiff transferred back to the position of Career Agent. AR 0395. In order to do so, Plaintiff signed a new Career Agent contract. AR 0186-0194. Plaintiff once

---

[1] While Plaintiff argues that he is eligible for disability benefits if his effective date is November 15, 2004, it does not appear that Defendant has conceded this point. Defendant made its decision to deny Plaintiff benefits based on its determination that Plaintiff's effective date is July 21, 2006. It was, therefore, unnecessary for Defendant to make a determination as to whether Plaintiff would be entitled to benefits if his effective date were November 15, 2004.

again became a covered employee under the Long Term Disability Policy.[2]

Plaintiff submitted a claim for long term disability on April 16, 2007, alleging that he was totally disabled due to a diagnosis of obstructive sleep apnea. AR 0060-0061, 0456-0458. Because Plaintiff submitted his claim less than one year from July 21, 2006, Defendant conducted a Pre-Existing Conditions investigation prior to rendering any determination of whether Plaintiff was disabled as defined in the Long Term Disability Policy. Defendant's investigation revealed that Plaintiff had sought treatment for his sleep apnea on July 5, 2006. AR 0484. Because his medical records demonstrated that Plaintiff had received treatment for his sleep apnea within the twelve months prior July 21, 2006, Defendant denied his claim as being excluded by the Pre-Existing Conditions Exclusion clause. AR 0129-0134.

The Pre-Existing Condition Exclusion clause states as follows:

> This policy will not cover any Disability or Partial Disability:
>
> 1. which is caused or contributed to by, or results from, a Pre-Existing Condition; and
>
> 2. which begins in the first 12 months after the Covered Person's Effective Date.
>
> **"Pre-Existing Condition"** means a condition resulting from an Injury or Sickness for which the Covered Person is diagnosed or received Treatment within 12 months prior to the Covered Person's Effective Date.

---

[2] It is somewhat unclear whether Plaintiff's effective date is July 21, 2006, when he transferred back to the position of Career Agent, or July 22, 2006, the day after his transfer. At points in its brief, Defendant states that Plaintiff's effective date is July 21, 2006, the day he transferred back to the position of Career Agent. Docket No. 20-1, p. 5, 9. At another point, however, Defendant states that Plaintiff's eligibility date is July 22, 2006, the day after Plaintiff transferred back to the position of Career Agent. *Id.*, p. 10-11. This point is not material to the issue before the Court, and, for the sake of consistency, the Court will use the July 21, 2006, date.

3

AR 0034.

Plaintiff argues that his "effective date" is November 15, 2004, the date he initially worked as a Career Agent and was a covered employee under the Long Term Disability Policy. Docket Nos. 12, 22. Defendant, however, contends that Plaintiff's "effective date" is July 21, 2006, the date he signed a new Career Agent contract and once again became a covered employee under the Long Term Disability Policy. Docket No. 20-1.

The Plan at issue expressly provides discretion to the administrator in making eligibility decisions, stating in pertinent part as follows:

> Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding.

AR 0037.

When an ERISA Plan expressly provides discretion to the administrator in making eligibility decisions, a reviewing Court employs the arbitrary and capricious standard of review. *See Williams v. Int'l Paper Co.*, 227 F.3d 706, 711 (6th Cir. 2000), *citing Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110-112 (1989). The arbitrary and capricious standard is the "lease demanding form of judicial review of administrative action." *McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 169 (6th Cir. 2003)(internal citations and quotations omitted). A decision is not arbitrary and capricious "when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome." *Williams*, 227 F.3d at 712 (internal quotation omitted). An administrator's decision on eligibility for benefits is not arbitrary and capricious if it is "rational in light of the plan's provisions." *Miller v. Metropolitan*

4

*Life Ins. Co.*, 925 F.2d 979, 984 (6th Cir. 1991).

In reviewing an administrator's decision under the arbitrary and capricious standard, the district court is strictly limited to the record before the administrator at the time the administrator made his decision. *Killian v. Health Source Provident Adm'r, Inc.,* 152 F.3d 514, 522 (6th Cir. 1998).

The Sixth Circuit has previously explained that the proper role of courts in ERISA cases is not "to hear and consider evidence not presented to the plan administrator in connection with a claim." *Perry v. Simplicity Engineering*, 900 F.2d 963 (6th Cir. 1990). The *Perry* Court emphasized:

> In the ERISA context, the role of the reviewing federal court is to determine whether the administrator or fiduciary made a correct decision. . . Nothing in the legislative history suggests that Congress intended that federal courts would function as substitute plan administrators, a role they would inevitably assume if they received and considered evidence not presented to administrators concerning an employee's entitlement to benefits. Such a procedure would frustrate the goal of prompt resolution of claims by the fiduciary under the ERISA scheme.

990 F.2f at 966.

As the *Perry* Court noted, a primary goal of ERISA is to provide a method for workers and beneficiaries to resolve disputes over benefits "inexpensively and expeditiously" and "[p]ermitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal." *Id.* at 967.

In determining whether Defendant's decision was arbitrary and capricious, the Court must consider whether the administrator was operating under a conflict of interest; if so, that

5

conflict must be weighed as a factor in determining whether the administrator acted arbitrarily and capriciously. *Firestone*, 489 U.S. at 115; *Univ. Hosp. of Cleveland v. Emerson Elec. C.*, 202 F.3d 829, 846 (6th Cir. 2000).

As Plaintiff has conceded, the issue in this case is whether Plaintiff's "effective date" is November 15, 2004 or July 21, 2006. If Defendant's determination that Plaintiff's effective date is July 21, 2006, is not arbitrary and capricious, the Court must uphold that determination.

As discussed above, Plaintiff worked as a Brokerage Director from March through November of 2004. Brokerage Directors are specifically excluded as an eligible class of employees. On November 15, 2004, Plaintiff became a Career Agent. Career Agents are eligible for coverage under the Plan, and Plaintiff was a covered by the Plan during this time. Plaintiff worked as a Career Agent until March of 2006, at which time he again became a Brokerage Director. Pursuant to the explicit provisions of the Plan, Plaintiff ceased to be covered when he left his Career Agent position to once again become a Brokerage Director in March 2006. The Plan states in pertinent part as follows:

> A Covered Person will cease to be insured on the earliest of the following dates:
> . . .
> 2. the date the Covered Person is no longer in an eligible class

AR 0035.

Plaintiff worked as a Brokerage Director from March to July 2006. On July 21, 2006, Plaintiff signed a new Career Agent contract. Upon signing the contract, Plaintiff once again became eligible under the Plan.

Because the Plan explicitly states that a Covered Person ceases to be insured on the date that he/she is no longer in an eligible class, the undersigned cannot conclude that Defendant's

6

decision that Plaintiff's Plan "effective date" was July 21, 2006 (and not November 15, 2004), was arbitrary or capricious. Defendant's interpretation is rational in light of the Plan's provisions.

Accordingly, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the Plan Administrator's decision be AFFIRMED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge